**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.D.-1,**

**No. 22-0398** (Ohio County 21-CJA-40)

**MEMORANDUM DECISION**

Petitioner Father J.D.-2[1] appeals the Circuit Court of Ohio County's April 19, 2022, order terminating his parental rights to J.D.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April of 2021, the DHHR filed a petition alleging that the mother engaged in illicit drug use and domestic violence, failed to provide the necessary care for the child, and exposed the child to inappropriate individuals. The DHHR also alleged that petitioner had a lengthy criminal history and lived with a partner who had a history with child protective services. At that time, petitioner was on parole, and despite the above concerns, the DHHR placed the child in his physical custody, and, in June of 2021, the court granted petitioner a pre-adjudicatory improvement period, the terms of which included facilitating supervised visits with the mother, submitting to random drug screening, and obeying all state and federal laws. However, in August of 2021, the DHHR moved to terminate petitioner's pre-adjudicatory improvement period arguing that he and his wife (who is not the child's mother) were arrested in Ohio for drug offenses. As a result, the DHHR filed an amended petition alleging the arrest and drug-related activity in the home.

The court held an adjudicatory hearing in October of 2021, wherein it determined that petitioner was an abusing and neglectful parent based upon his illicit drug use and drug trafficking

---

[1]Petitioner appears by counsel, Peter P. Kurelac III. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Joseph J. Moses appears as the child's guardian ad litem. Additionally, as the child and petitioner share the same initials, we refer to them respectively as J.D.-1 and J.D.-2 throughout this memorandum decision.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

in the home with the child. The court noted that petitioner and his wife were arrested for drug trafficking and that petitioner was currently incarcerated and unable to care for the child.[3]

The circuit court held a final dispositional hearing in March of 2022. Petitioner appeared in person but remained incarcerated due to a parole violation. Petitioner requested an alternative disposition, such as a guardianship of the child, asserting that he might be released on parole in the future. The DHHR and the guardian opposed petitioner's motion and moved for the termination of petitioner's parental rights.

Ultimately, the circuit court concluded that petitioner had a "repetitive and longstanding" failure to provide for the child due to his drug addiction and continuing criminal activity. The court noted petitioner's admitted relapse in June of 2021; his failure to address his addiction through drug treatment; and his continued engagement in criminal activity, including drug trafficking, which resulted in his "further incarceration." The court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the child's welfare. Based upon these findings, the court terminated petitioner's parental rights by its April 19, 2022, order, which petitioner now appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in denying his motion for an alternative disposition to the termination of his parental rights. In support, he cites his alleged bond with the child, his alleged potential release date, and his claim that he provided "proper care for his child throughout the pendency of the underlying matter."[5] However, petitioner concedes in his brief that he had physical custody of the child for only five months of the twelve-month pendency of this case and that he complied with his pre-adjudicatory improvement period for only two months before his arrest for drug trafficking.[6] Further, petitioner puts forth no record of a bond between himself and the child, and the record shows that the child was living with the mother during the initial removal and that petitioner had been released on parole shortly before that removal. As for petitioner's argument regarding his potential release date, it is purely speculative, and the circuit court was not required to "exhaust every speculative possibility of parental improvement . . . where

---

[3]The court terminated petitioner's pre-adjudicatory improvement period by order entered in February of 2022.

[4]The mother's parental rights were also terminated, and the permanency plan for the child is adoption by a foster family.

[5]Petitioner also cited the mother's ongoing improvement period in support of his argument. However, the mother's parental rights have also been terminated; thus, this argument is moot.

[6]At the time of the termination of petitioner's parental rights, the proceedings remained ongoing.

it appears that the welfare of the child will be seriously threatened[.]" Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980). Petitioner contends that his "temporary" incarceration and the resultant inability to care for the child was the "only" reason the court terminated his parental rights. However, the record shows that, in addition to petitioner's "further incarceration," the court cited petitioner's repeated criminal violations, drug abuse, and drug trafficking while caring for the child; his "repetitive and longstanding" failure to provide for the child; and his failure to obtain drug treatment and participate in his case plan. As such, the circuit court considered many factors other than petitioner's incarceration and, therefore, did not violate Syllabus Point 3 of *In re Cecil T.*, which held, in part, that,

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it.

*Id.* at 91, 717 S.E.2d at 875.

The circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future was supported by the above factors, as well as petitioner's failure to complete the terms of his pre-adjudicatory improvement period. *See* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Upon this record, the Court finds no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 19, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3